IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VINCENT PAYNE  :
        Plaintiff,  :
    :
    :
    : CIVIL ACTION
v.  :
    : No. 11-5901
CITY OF PHILADELPHIA, et. al.,  :
    :
        Defendants.  :

**ORDER**

    AND NOW, this 12th day of May, 2014, upon consideration of Defendants' Bill of Costs (Doc. No. 53), Plaintiff's Objections thereto (Doc. No. 55) and Defendants' Response in Further Support thereof (Doc. No. 56), Plaintiff is hereby ORDERED to pay to Defendants $500 in costs, pursuant to Federal Rule of Civil Procedure 54(d).[1]

---

[1] Costs should be allowed to the prevailing party in a civil matter unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d). The clerk of the court is charged with taxing such costs, but the decision may be reviewed by a district court. In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 453 (3d Cir. 2000). Though a district court generally has broad discretion in imposing costs, the court may not consider the disparity in wealth between the prevailing and non-prevailing parties and may not consider the good faith of the losing party or the closeness or complexity of the underlying case. Id. at 453-54. The court may, however, consider "the non-prevailing party's *indigency* (or inability to pay costs) in fashioning a costs award. Id. (emphasis in original). In determining costs, the "district court not only can, but should, consider evidence that completes the factual record or sheds light on the equities in a given case." Id. at 462.
    Defendants request $1,173.96 in taxable costs in the present matter. (Bill of Costs, Doc. No. 53). Plaintiff argues that he "lives off of social security disability income and lives a meager life style. He cannot afford the costs." (Doc. No. 55). He also questions the validity of Defendants' costs for alleged investigation and travel time. Id. Defendants reply that the company Prime Source Investigation was used to deliver witness subpoenas for two individuals that Plaintiff listed as trial witnesses, and the Bill of Costs should be approved. (Doc. No. 56).

BY THE COURT:

/s/ J. Curtis Joyner
J. CURTIS JOYNER, J.

---

Plaintiff's indigency, as demonstrated by his affidavit in support of his *in forma pauperis* application, see (Doc. Nos. 49, 52), persuades the Court to reduce Plaintiff's costs in the above-captioned matter. The Court sees fit to reduce the costs award to $500.00 for reasons of equity.